N THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

GREGORY A. ANDREWS                                       PLAINTIFF

vs.                          Civil No. 2:12-cv-02242

MICHAEL J. ASTRUE                                     DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Gregory A. Andrews ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff protectively filed his disability applications on February 8, 2010. (Tr. 95-105). Plaintiff alleges being disabled due to anger problems, a learning disability, social problems, and bipolar disorder. (Tr. 135). Plaintiff alleges an onset date of January 1, 2007. (Tr. 95-105). These applications were denied initially and again upon reconsideration. (Tr. 42-45).

Thereafter, Plaintiff requested an administrative hearing on his applications, and this hearing

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

1

request was granted. (Tr. 60-62). An administrative hearing was held on Feburary 23, 2011 in Fort Smith, Arkansas. (Tr. 27-41). At the administrative hearing, Plaintiff was present and was represented by Wayne Young. *Id.* Plaintiff and Vocational Expert ("VE") John Massey testified at this hearing. *Id.* On the date of this hearing, Plaintiff was thirty-nine (39) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (2008) (SSI) and 20 C.F.R. § 404.1563(c) (2008) (DIB). (Tr. 30). Plaintiff also testified at this hearing that he had completed high school and some college classes but had not obtained a college degree. *Id.*

On April 8, 2011, subsequent to the hearing, the ALJ entered an unfavorable decision on Plaintiff's applications. (Tr. 13-22). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through September 30, 2010. (Tr. 15, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 1, 2007, his alleged onset date. (Tr. 15, Finding 2). The ALJ determined Plaintiff had the following severe impairments: high borderline intellectual functioning and mood disorder. (Tr. 15, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 15-18, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 18-21, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant is able to perform

> work where interpersonal contact is incidental to work performed, e.g., assembly work; complexity of tasks is learned and performed by rote, few variables, little judgment,; supervision required is simple, direct and concrete.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 21, Finding 6). The VE testified at the administrative hearing regarding this issue. *Id.* Based upon that testimony and considering his RFC, the ALJ determined Plaintiff retained the capacity to perform his PRW as a conveyor feeder (medium, unskilled) and as a dining room attendant (medium, unskilled). *Id.* Because he retained the ability to perform his PRW, the ALJ also determined Plaintiff had not been under a disability, as defined by the Act, from January 1, 2007 (his alleged onset date) through April 8, 2011 (the ALJ's decision date). (Tr. 21, Finding 7).

On June 9, 2011, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 5-6). On August 22, 2012, the Appeals Council declined to review this disability determination. (Tr. 1-3). On October 17, 2012, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on December 13, 2012. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 8-9. This case is now ready for decision.

**2.**     **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the

Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past

4

relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record and should be reversed and remanded. ECF No. 8 at 8-12. Specifically, Plaintiff claims the ALJ erred in evaluating the findings of Dr. Robert L. Spray, Jr., Ph.D. *Id.* The Court has considered this argument and agrees with Plaintiff's claim. Because the ALJ erred in evaluating Dr. Spray's findings and by failing to fully evaluate his Global Assessment of Functioning ("GAF") score of 40 to 50, this Court finds Plaintiff's case must be reversed and remanded.

In social security cases, it is important for an ALJ to evaluate a claimant's GAF score or scores in determining whether that claimant is disabled due to a mental impairment. GAF scores range from 0 to 100. Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000). The Eighth Circuit has repeatedly held GAF scores must be carefully evaluated when determining a claimant's RFC. *See, e.g., Conklin v. Astrue,* 360 F. App'x. 704, 707 (8th Cir. 2010) (reversing and remanding an ALJ's disability determination in part because the ALJ failed to consider the claimant's GAF scores of 35 and 40); *Pates-Fires v. Astrue,* 564 F.3d 935, 944-45 (8th Cir. 2009) (holding that the ALJ's RFC finding was not supported by substantial evidence in the record as a whole, in part due to the ALJ's failure to discuss or consider numerous GAF scores

below 50).

Indeed, a GAF score at or below 40 should be carefully considered because such a low score reflects "a major impairment in several areas such as work, family relations, judgment, or mood." *Conklin,* 360 F. App'x at 707 n.2 (*quoting* Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000)). A GAF score of 40 to 50 also indicates a claimant suffers from severe symptoms. Specifically, a person with that GAF score suffers from "[s]erious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000).

In the present action, Plaintiff was evaluated by Dr. Spray as a part of a mental diagnostic evaluation and intellectual assessment. (Tr. 193-197). As a part of that examination, Plaintiff was assessed as having a GAF score of 40 to 50. (Tr. 196). This GAF score represents "serious symptoms." In his opinion, the ALJ referenced this GAF score and noted it represents "serious symptoms," but the ALJ then entirely discounted this low GAF score. (Tr. 20). Indeed, the ALJ stated he gave the opinions of Dr. Spray "great weight," but he did not explain why he gave no weight to this low GAF score. *Id.* In discounting this score, the ALJ only stated the following: "Dr. Spray does not conclude that the claimant is incapable of performing work related activities." *Id.*

Consistent with this low GAF score, Dr. Spray also stated Plaintiff has the "potential for violence and altercations with coworkers and supervisors." (Tr. 197). The ALJ also entirely ignored this finding. (Tr. 20).

Accordingly, because the ALJ was required to evaluate this score and provide a reason for

6

discounting this low GAF score but did not do so, Plaintiff's case must be reversed and remanded for further development of the record on this issue.  *See Pates-Fires,* 564 F.3d at 944-45.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, must be reversed and remanded.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 2nd day of December 2013.**

                                                  /s/   Barry A. Bryant
                                                HON. BARRY A. BRYANT
                                                U.S. MAGISTRATE JUDGE